UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RICHARD MARSHALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 19 C 55 |
| v. | ) | |
| | ) | Judge Rubén Castillo |
| RANDY FRIES et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Richard Marshall ("Plaintiff") brings this action against Officer Randy Fries ("Fries"), the City of Elgin ("Elgin"), Dominick Lojko ("Lojko"), and the Cook County Adult Probation Department ("CCAPD") (collectively, "Defendants"), alleging false arrest under 42 U.S.C. § 1983 and state law, "willful and wanton conduct," "respondeat superior," malicious prosecution, and indemnification. (R. 18, Am. Compl. ¶¶ 23-71.) Before the Court is Lojko's and CCAPD's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 27, Defs.' Mot.) For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff is a resident of Elgin, Illinois. (R. 18, Am. Compl. ¶ 3.) Fries is an officer with the Elgin Police Department, and Lojko is a probation officer with the Cook County Adult Probation Department. (*Id.* ¶¶ 4, 5.) On or about November 6, 2018, Lojko notified the Elgin Police Department that Plaintiff was required to register pursuant to the Illinois Murderer and Violent Offender Against Youth Registration Act, 730 ILL. COMP. STAT. § 154/1 (the "Act"). (*Id.* ¶ 8.) The Act requires registration for people who have been convicted of specifically defined criminal offenses. (*Id.* ¶ 9 (citing 730 ILL. COMP. STAT. § 154/10).) Although Plaintiff had been

convicted of misdemeanor domestic battery, he complains that he has never been charged with or convicted of any offense that would require registration under the Act. (*Id.* ¶¶ 10-11.) Nevertheless, Lojko repeatedly told members of the Elgin Police Department that Plaintiff was required to register, and that he had failed to do so. (*Id.* ¶¶ 14, 22.) On or about November 27, 2018, Lojko contacted Fries to tell him that Plaintiff would be attending a case worker meeting with him two days later at the Rolling Meadows Courthouse, and that Fries should send Elgin police there to arrest Plaintiff for failure to register. (*Id.* ¶ 15.) On November 29, 2018, Plaintiff was arrested at the case worker meeting and taken to the Elgin Police Department where he was charged with felony counts of failure to register and failure to register a change of address. (*Id.* ¶¶ 17-19.) Plaintiff was detained until he posted cash bond the next day. (*Id.* ¶ 20.) At some point thereafter, the Kane County State's Attorney's Office voluntarily dismissed the charges against Plaintiff. (*Id.* ¶ 21.) This action followed.

## PROCEDURAL HISTORY

This action began on January 3, 2019, when Plaintiff filed a *pro se* complaint. (R. 1, Compl.) Counsel was subsequently recruited for Plaintiff (R. 11, Order), and on March 12, 2019, an amended complaint was filed. (R. 18, Am. Compl.) The amended complaint brings twelve claims against Defendants: 42 U.S.C. § 1983 claims against Fries (Count 1), Elgin (Count 2), and Lojko (Count 3); a claim of false arrest and imprisonment against Fries (Count 4); a claim of willful and wanton conduct against Fries (Count 5); a claim of false arrest and false imprisonment against Lojko (Count 6); a claim of willful and wanton conduct against Lojko (Count 7); a claim of malicious prosecution against Fries (Count 8); a claim against Elgin alleging liability under the legal doctrine of respondeat superior (Count 9); a claim for indemnification against Elgin (Count 10); a claim against CCAPD alleging liability under

2

respondeat superior (Count 11); and a claim against CCAPD for indemnification (Count 12). (R. 18, Am. Compl. ¶¶ 23-71.)

On May 13, 2019, Fries and Elgin filed an answer to the amended complaint. (R. 26, Answer.) That same day, Lojko and CCAPD moved to dismiss the claims against them, arguing first, that Plaintiff failed to state a false arrest claim against Lojko; second, that Lojko is entitled to qualified immunity; third, that the state law claims against Lojko are barred by state law sovereign immunity; and fourth, that CCAPD is not a suable entity under Illinois law. (R. 27, Defs.' Mot., R. 28, Defs.' Mem.) Plaintiff responded to the motion, conceding to the dismissal of CCAPD but objecting as to Lojko. (R. 32, Pl.'s Resp.) Plaintiff contends that the Section 1983 claim against Lojko is proper because Lojko had the authority to arrest Plaintiff and effectuated the arrest. (*Id.* at 2-4.) Additionally, Plaintiff argues that Lojko is not entitled to qualified immunity because the terms of the Act are not subject to more than one interpretation, and thus Lojko should have known it did not apply to Plaintiff. (*Id.* at 4-5.) Finally, Plaintiff contends that the state law claims against Lojko are proper because Lojko has not demonstrated that a probation officer is a state employee, and that state sovereign immunity does not apply where a defendant is alleged to have acted outside of his authority. (*Id.* at 5-7.) On June 21, 2019, Defendants Lojko and CCAPD filed their reply (R. 33, Reply), and the motion is now ripe for review.

## LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). "[T]he statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quotation and alteration omitted). To survive a

3

Rule 12(b)(6) motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In construing the complaint, the Court accepts all well-pleaded facts as true and draw all reasonable interferences in the plaintiff's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Detailed facts are not required to survive a motion to dismiss, but "[l]egal conclusions and conclusory allegations merely reciting the elements of [a] claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

One basis of Defendants' motion is the affirmative defense of qualified immunity. *See* R. 28, Defs.' Mem. at 6-8.) Generally, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *accord Chicago Bldg. Design, P.C. v. Mongolian House*, 770 F.3d 610, 613-14 (7th Cir. 2014). The general rule notwithstanding, "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense[.]" *Id.* When a qualified immunity defense is presented in a motion to dismiss, courts "apply the standard of review under Rule 12(b)(6), accept[ing] as true the well-pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations." *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997) (quoting *Wilson v. Formigoni*, 42 F.3d 1060, 1064 (7th Cir. 1994)) (internal quotation marks omitted). Qualified immunity can be grounds for a Rule 12(b)(6) dismissal when the allegations of the complaint, taken as true, fail to allege the violation of a clearly established

4

right. *Doe v. Purdue Univ.*, 928 F.3d 652, 665 (7th Cir. 2019); *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 675 (7th Cir. 1990).

## ANALYSIS

### I. Claims against CCAPD (Counts 11 and 12)

Defendants move to dismiss the claims against CCAPD on the basis that because it is not a legally separate agency from the Office of the Chief Judge, it is not a suable entity. (R. 28, Defs.' Mot.) In response, Lojko agrees. (R. 32, Pl.'s Resp.) Accordingly, Defendants' motion to dismiss Counts 11 and 12 against CCAPD is granted.

### II. Claims against Lojko

#### A. Section 1983 Claim (Count 3)

According to Defendants, Plaintiff fails to state a Section 1983 false arrest claim against Lojko because Plaintiff does not allege that Lojko caused Plaintiff's arrest, but only that he "urged" Elgin police to arrest him. (R. 28, Defs.' Mem. at 4-5.) Relying on *Spiegel v. Cortese*, 196 F.3d 717 (7th Cir. 1999), Defendants argue that without any allegation that Lojko made the decision to arrest Plaintiff or had the authority to arrest him, Plaintiff fails to state a claim. (R. 27, Mot. at 4-5.) Plaintiff argues in opposition that he has sufficiently alleged Lojko participated in or caused the constitutional deprivation of which he complains because in addition to alleging Lojko urged the police to arrest him, he also alleged that Lojko acted in his capacity as a probation officer, and that under state law, probation officers are empowered to make arrests. (R. 32, Pl.'s Resp. at 2-3.) The Court agrees with Plaintiff.

Section 1983 provides a cause of action against any state actor who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C.

5

§ 1983. "An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1012 (7th Cir. 2000); *accord Surita v. Hyde*, 665 F.3d 860, 875 (7th Cir. 2011). The violation can be established by showing that an official "acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge or consent." Thus, even if Lojko did not personally arrest Plaintiff, he may still be liable if his actions set in motion a series of events that he knew or reasonably should have known would cause others to deprive Plaintiff of constitutional rights. *See id.*

In *Spiegel*, the U.S. Court of Appeals for the Seventh Circuit affirmed the dismissal of a false arrest claim against a non-officer employee of the City of Chicago where the only allegation of her involvement with a police investigation that resulted in the plaintiff's arrest was that she had "urged" them to make the arrest, and not that she had any authority to arrest or had otherwise participated in the decision to arrest. *Spiegel*, 196 F.3d at 726. Without more, the Court of Appeals explained, the plaintiff had not alleged the defendant's actions had caused the plaintiff's injury. *Id.*

Here, on the other hand, although Plaintiff does not allege that Lojko personally arrested him, he nevertheless alleges that Lojko's actions were the cause of his injury. (R. 18, Am. Compl. ¶¶ 8-17.) Specifically, Plaintiff alleges that while acting in his capacity as a Cook County Probation Officer, Lojko repeatedly and falsely told the Elgin Police Department that Plaintiff was required to register, that he had failed to do so, and that he should be arrested. (R. 18, Am. Compl. ¶¶ 8, 13-14.) He alleges that Lojko told the Elgin police when Plaintiff would be in the

6

Rolling Meadows Courthouse for a meeting with Lojko, and that he urged them to arrest Plaintiff then. (*Id.* ¶ 15.) Unlike in *Spiegel*, Lojko's alleged actions were not just to provide information from the sidelines of a police investigation, but instead were the impetus for their action. *See Spiegel*, 196 F.3d at 726. As Plaintiff correctly observes, probation officers have authority to arrest, and construing Plaintiff's allegations in his favor as this Court must, Plaintiff sufficiently alleges that Lojko worked with the Elgin police to effectuate his arrest. (R. 32, Pl.'s Resp. at 2.) Accordingly, Plaintiff sufficiently states his Section 1983 claim. *See Brokaw*, 235 F.3d at 1012.

### B. Qualified Immunity

Defendants argue further, however, that Plaintiff's claims against Lojko must nevertheless be dismissed on the basis of qualified immunity because at the time Plaintiff was arrested, the law was unclear as to whether Plaintiff's conviction required registration under the Act, and thus Lojko's conduct could not have violated clearly established statutory or constitutional rights of which a reasonable person would have known. (R. 28, Mem. at 6-8.) Specifically, Defendants say, because the Act called for registration of a person convicted under Section 12-3.2 of the Illinois Criminal Code without reference to any specific subsection, it was reasonable for Lojko to conclude that Plaintiff's conviction under Section 12-3.2(a)(2) required registration. (*Id.*) Plaintiff argues in opposition that the Act specifies the violations which trigger the registration requirement, and that his misdemeanor battery conviction was not one of them. (R. 32, Pl.'s Resp. at 4-5.)

At the time of Plaintiff's arrest, the Act mandated registration for a person convicted of "[d]omestic battery resulting in bodily harm under Section 12-3.2 of the Criminal Code[.]" 730 ILL. COMP. STAT. §§ 154/5(a) (4.3), (10). Section 12-3.2, in turn, provides:

> (a) A person commits domestic battery if he or she knowingly without legal justification by any means:

7

> (1) Causes bodily harm to any family or household member;
>
> (2) Makes physical contact of an insulting or provoking nature with any family or household member.

720 ILL. COMP. STAT. § 5/12-3.2. According to Plaintiff then, a plain reading of the statute suggests that his conviction did not involve bodily harm and did not call for registration, because it was under subsection (a)(2) and not (a)(1). (R. 32, Pl.'s Resp. at 4-5.) As Defendants observe, however, because the statute is not so specific and an individual could have caused bodily harm to a victim and be convicted of domestic battery under (a)(2), the complaint leaves no basis from which Plaintiff could show that a probation officer could not have reasonably concluded that a conviction under (a)(2) required registration under the Act. (R. 33, Defs.' Reply at 6-7.)

"Qualified immunity protects public officials from liability for damages if their actions did not violate clearly established rights of which a reasonable person would have known." *Fleming v. Livingston Cnty.*, 674 F.3d 874, 879 (7th Cir. 2012) (internal quotation omitted). As an initial matter, the Seventh Circuit has noted that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "Because an immunity defense usually depends on the facts of the case," and because plaintiffs are "not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity," dismissal at the pleading stage is typically inappropriate. *Id.* at 651–52 (quoting *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000)). "There is no hard-and-fast rule, however, against resolving qualified immunity on the pleadings." *Doe*, 928 F.3d at 665. Where the existence of qualified immunity is not dependent on factual development, or where it is clear on the face of the complaint that the constitutional right invoked was not clearly articulated in the case law, "the existence of qualified immunity is a 'purely legal

8

question' that the court can address on a motion to dismiss." *Id.* (quoting *Jacobs*, 215 F.3d at 765 n.3).

A defendant "is entitled to qualified immunity in a false-arrest case when, if there is no probable cause, a reasonable officer could have mistakenly believed that probable cause existed." *Fleming v. Livingston Cty.*, 674 F.3d 874, 880 (internal quotation omitted); *accord Reher v. Vivo*, 656 F.3d 772, 777-78 (7th Cir. 2011) (granting qualified immunity on summary judgment to officer who could have reasonably, but mistakenly, believed that plaintiff had committed disorderly conduct even though the information available to the officer at the time was probably too vague to support an arrest). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation omitted). Qualified immunity "provides 'ample room for mistaken judgments' and protects all but the 'plainly incompetent and those who knowingly violate the law.'" *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (quoting *Hunter v. Bryant*, 504 U.S. 224, 227 (1991)).

In this case, the Act does not expressly limit its application to a particular subsection of Section 5/12-3.2, nor has a court imposed such a limitation. While Plaintiff's construction of the Act's applicability based on the reference to "bodily harm" in subsection (a)(1) and not (a)(2) might be a reasonable one, so too might the Defendants' broader interpretation of the Act based on its reference to convictions under Section 5/12-3.2 without limitation. Defendants point to at least one unreported decision in which the Illinois Appellate Court considered applicability of the registration requirement to a defendant who had been convicted of domestic battery under Section 5/12-3.2(a)(2), (b), but based its decision that registration was not required on the version of the Act that was in force at the time of the defendant's conviction, and not on any

9

consideration of whether the reference to "bodily injury" limits the scope of convictions under Section 5/12-3.2 that trigger the registration requirement. (R. 28, Defs.' Mem. at 7 (citing *People v. Smith*, No. 04-11-0175, 2012 WL 7010002 (Ill. App. Ct. June 28, 2012).) While the absence of such a discussion does not mean that Lojko's interpretation is the correct one, it supports the position that it is not so clearly wrong that no reasonable governmental official could have interpreted it the same way.

Given the ambiguity in the Act and the lack of any interpretive decision therefore, reasonable minds could differ as to the interpretation of the registration requirement, and Lojko is shielded by qualified immunity. *See Abbott v. Sangamon Cty.*, 705 F.3d 706, 723-24 (7th Cir. 2013). "[W]here the law is open to interpretation, qualified immunity protects police officers who reasonably interpret an unclear statute. *Mustafa v. City of Chicago*, 442 F.3d 544, 549 (7th Cir. 2006); *accord Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012). Without any authority interpreting the Act, the relevant legal rule was not "clearly established," and a reasonable probation officer would not have known at the time of Plaintiff's arrest that probable cause was lacking to arrest him for failing to register. *See Doe*, 928 F.3d at 665-66. Accordingly, Defendant's motion to dismiss Count 3 is granted.

### III. State Law Claims (Counts 6 & 7)

Finally, Defendants argue that Plaintiff's state law claims against Lojko should be dismissed since the federal claims fail, and because they are barred by the State Lawsuit Immunity Act, 745 ILL. COMP. STAT. § 5/1 (the "Immunity Act"), which except for certain inapplicable exceptions protects the State of Illinois from being made a defendant or party in any court. (R. 28, Defs.' Mem. at 8-10.) According to Defendants, since Plaintiff's claims against Lojko involve only the performance of his employment duties, they are essentially claims against

the State, barred by state sovereign immunity. (*Id.*) Further, Defendants add, Plaintiff's claim for willful and wanton conduct (Count 7) should be dismissed because it fails to state a standalone claim. (*Id.* at 10.) Plaintiff opposes the motion, arguing that the Court should retain supplemental jurisdiction over the claims since the case is proceeding in federal court against the other defendants regardless of whether the federal claims against Lojko survive. (R. 32, Pl.'s Resp. at 6-7.) As to state law immunity, Plaintiff argues first that Defendants have not established that Lojko is a state employee, and second, that it does not apply to a defendant alleged to have acted outside of his authority. (*Id.*) Moreover, Plaintiff argues, although willful and wanton conduct is not an independent claim under Illinois, his claim nevertheless survives as a negligence one. (*Id.* at 7.)

Because the Court agrees that supplemental jurisdiction would be proper given Plaintiff's other federal claims, it turns to the merits of the parties' arguments. First, Plaintiff's own allegations in the complaint make clear that Lojko is a state employee. Plaintiff alleges that Lojko was at all times "a probation officer with the Cook County Adult Probation Department, which operates under the Office of the Chief Judge of the Circuit Court of Cook County, acting within the scope of his duties under color of law." (R. 18, Am. Compl. ¶ 6.) The Probation Department is established pursuant to the Probation and Probation Officers Act, 730 ILL. COMP. STAT. § 110/0.01 *et seq.*, and is maintained under the authority of the Chief Judge or someone designated by him, 730 ILL. COMP. STAT. § 110/15(2)(a). The Office of the Chief Judge is a state entity, and therefore its employees are state employees. *See, e.g., Payne v. Cnty. of Cook*, No. 15-c-3154, 2016 WL 1086527, at *10-11 (N.D. Ill. Mar. 21, 2016) (finding probation officers are state employees).

The Immunity Act prohibits claims against state employees that are actually claims against the State. *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016). Under the Immunity Act, "[A]ll claims against the state for damages sounding in tort must be brought in the Court of Claims—no other tribunal . . . has jurisdiction of any such claim." *Grainger v. Harrah's Casino*, 18 N.E.3d 265, 271 (Ill. App. 2014) (internal quotation omitted). The determination of whether an action against a state employee is to be characterized as one against the state does not depend solely on whether the employee was acting within the scope of his employment when he committed the act in question. *Fritz v. Johnston*, 807 N.E.2d 461, 466 (Ill. 2004). Rather, the applicability of state sovereign immunity turns on the source of the duty that the defendant is alleged to have breached. *Id.* Where the duty arises independently of state employment, sovereign immunity does not apply, but if the individual is charged with breaching a duty which "proscribes his conduct as a state employee (and not a statutory duty that applies to the public generally), sovereign immunity applies." *Grainger*, 18 N.E.3d at 272 (citing *Fritz*, 806 N.E.2d at 461) (emphasis omitted).

In opposition to the motion, Plaintiff does not deny that his claims against Lojko are related to Lojko's employment as a probation officer, nor in the face of his allegations could he. (*See* R. 32, Pl.'s Resp. at 5-7.) Plaintiff complains that Lojko falsely reported to the Elgin police that Plaintiff was required to register under the Act, and that because Plaintiff had failed to do so, he should be arrested. (R. 18, Am. Compl. ¶¶ 8, 15-17.) Plaintiff specifically alleges that Lojko's actions were undertaken "in his capacity as a Probation Officer for Cook County." (*Id.* ¶ 8.) Accordingly, because Plaintiff's claims are based on conduct involving Lojko's work as a probation officer, and the duty alleged to have been breached stems solely from Lojko's employment, it is in essence a suit against the state, and immunity applies. *See, e.g., Murphy v.*

*Smith*, 844 F.3d 653, 658 (7th Cir. 2016), *aff'd*, 138 S. Ct. 784 (2018); *Grainger*, 18 N.E.3d at 272.

In opposition to the motion, Plaintiff briefly asserts that state immunity does not apply where a defendant is alleged to have acted outside of the scope of his authority, but Plaintiff fails to apply the exception to the facts alleged here or to otherwise develop the argument, and has accordingly waived it. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (affirming district court's grant of motion to dismiss where plaintiff failed to substantively respond and stating that "litigant effectively abandons litigation by not responding to alleged deficiencies in a motion to dismiss"). Even if Plaintiff had developed his position, moreover, the Court would find that the exception did not apply. The exception applies where "agents of the State have acted in violation of statutory or constitutional law[.]" *Leetaru v. Bd. of Trs. of Univ. of Ill.*, 32 N.E.3d 583, 597 (Ill. 2015); *accord Murphy*, 844 F.3d at 659. Although Plaintiff alleges Lojko gave police information that he says is incorrect, he does not allege that Lojko intentionally provided false information, or that Lojko otherwise exceeded the scope his authority aside for the alleged constitutional violation that is not viable for the reasons stated above. *See Fritz v. Johnston*, 807 N.E.2d 461, 467 (Ill. 2004) (state law immunity does not bar claim that official intentionally lied to police because such conduct violates the state criminal code which imposes duty on all individuals, not just state employees).

Nor is this Court convinced by Plaintiff's brief argument that the officer suit exception to the doctrine of sovereign immunity could apply to save his claims. (*See* R. 32, Pl.'s Resp. at 6-7.) As Defendants correctly note, this exception applies where a plaintiff seeks to prospectively enjoin unlawful conduct, and not where plaintiff only seeks damages for a past wrong as Plaintiff does here. (*See* R. 28, Defs.' Mem. at 9-10 (citing *Parmar v. Madigan*, 106 N.E.3d. 1010 (Ill.

2018)).) *Cf. Leetaru*, 32 N.E.3d at 595-96, 598. Defendants' motion to dismiss Counts 6 and 7, therefore, is granted without reaching Defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendants Lojko and CCAPD's motion to dismiss (R. 27) is GRANTED, and Lojko and CCAPD are dismissed from the case. A status hearing is set for October 15, 2019, at 9:45 a.m., for the remaining parties. The parties are DIRECTED to explore and exhaust all settlement possibilities prior to the status hearing.

ENTERED:

Judge Rubén Castillo
**United States District Court**

**Dated: August 28, 2019**